THE STATE EX REL. OHIO DEPARTMENT OF HEALTH,
APPELLANT, *v.* SOWALD ET AL., APPELLEES.

[Cite as *State ex rel. Ohio Dept. of Health
v. Sowald* (1992), 65 Ohio St.3d 338.]

(No. 90–2071—Submitted October 13, 1992—Decided December 14, 1992.)

---

Lee I. Fisher, Attorney General, and Lawrence D. Pratt, Assistant Attorney General, for appellant.

Lee I. Fisher, Attorney General, and Barbara A. Serve, Assistant Attorney General, for appellee Sowald.

Roth & Rolf Co., L.P.A., Sheila P. Cooley and Ruthanne Murray, for appellee Albert's Nursing and Residential Facility, Inc.

---

Per Curiam.

### A. Attorney Fees Under R.C. 119.092

R.C. 119.092 provides in part:

"(B)(1) Except as provided in divisions (B)(2) and (F) of this section, if an agency conducts an adjudication hearing under this chapter, the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the hearing. * * *

"(2) Upon the filing of a motion under this section, the request for the award shall be reviewed by the referee or examiner who conducted the adjudication hearing or, if none, by the agency involved. In the review, the referee, examiner, or agency shall determine whether the fees incurred by the prevailing eligible party exceeded one hundred dollars, *whether the position of the agency in initiating the matter in controversy was substantially justified,* whether special circumstances make an award unjust, and whether the prevailing eligible party engaged in conduct during the course of the hearing that unduly and unreasonably protracted the final resolution of the matter in controversy. * * * " (Emphasis added.)

ODH argues that the matter in controversy was not initiated by the December 1987 resurvey, but by either the May 28, 1987 notice of opportunity for informal or formal hearing, or the October 26, 1987 notice of opportunity for hearing. Furthermore, it argues that it had a reasonable basis in law and fact to initiate the adjudication and that Sowald abused her discretion by finding that it was not substantially justified.

Sowald, on the other hand, argues that, in evolving cases such as this one, initiating the matter in controversy can occur when the agency decides to

proceed with the formal evidentiary hearing after the facility has been given a chance to correct the deficiencies. Albert's maintains that the final decision to go forward with the evidentiary hearing, in the combined federal and state regulatory scheme establishing an ongoing certification renewal process, is the act of initiating the matter in controversy.

According to Webster's Third New International Dictionary (1986) 1164, "initiate" means:

"1a. To begin or set going: make a beginning of: perform or facilitate the first actions, steps, or stages of * * *."

Black's Law Dictionary (6 Ed.1990) 784, defines "initiate" as:

"Commence; start; originate; introduce; inchoate. * * *"

Thus, "initiate" means to commence an action, not continue a proceeding that has already begun, as found by the court of appeals. Moreover, Black's Law Dictionary, *supra*, at 978, defines "matter in controversy" as "[s]ubject of litigation; matter on which action is brought and issue is joined and in relation to which, if issue be one of fact, testimony is taken. * * *" The first rule of statutory interpretation is to give effect to the plain meaning of the words employed in the statute. *State ex rel. Foster v. Evatt* (1944), 144 Ohio St. 65, 104–105, 29 O.O. 4, 20, 56 N.E.2d 265, 282; R.C. 1.42. Consequently, the matter in controversy, the decertification of Albert's, commenced when ODH first took action to decertify Albert's.

The process could have begun with the May 28, 1987 letter, in which the director first notified Albert's of deficiencies and advised it of formal and informal procedures, or the October 26, 1987 letter, in which the director notified Albert's of his decision, after the informal review, to decertify Albert's and of its right to a formal evidentiary hearing. In this case, the latter is the point at which ODH initiated the matter in controversy.

No adjudication order, which is the determination by the highest agency authority on the rights, duties, privileges, benefits or relationships of a specified person, is valid unless the agency affords the individual an opportunity for a hearing. R.C. 119.06; R.C. 119.01(D). R.C. 119.07 prescribes the manner in which hearings are afforded. This process begins with the issuance of a notice informing the individual of his right to a hearing. Consequently, the notice that leads directly to decertification after the opportunity for a formal evidentiary hearing is afforded initiates the matter in controversy.

In the instant case, the decision to proceed with the hearing after the resurveys in December 1987 and January 1988, the point of initiation found by the court of appeals, was, as that court described, a continuation of the

process, not its initiation. We conclude that the October 26 letter initiated the matter in controversy because it notified Albert's of the decertification and delivered the notice that led directly to the formal evidentiary hearing. Since appellees concede, Sowald explicitly and Albert's implicitly, that ODH's position was substantially justified when it issued the October 26 letter, Sowald had a clear legal duty to deny the request for attorney fees. Consequently, we reverse the court of appeals' judgment and issue the writ.

### B. Attorney Fees Under R.C. 2323.51

R.C. 2323.51 states in part:

"(B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section, at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct. The award may be assessed as provided in division (B)(4) of this section."

Albert's does not contend that it should have been awarded fees for answering the mandamus action at the court of appeals; it did not appeal that court's judgment. It claims, nevertheless, that we may award it attorney fees for defending this appeal if it applies for fees within twenty-one days of our entry of judgment on the appeal.

"An action in mandamus is a civil action." *State ex rel. Wilson v. Preston* (1962), 173 Ohio St. 203, 19 O.O.2d 11, 181 N.E.2d 31, paragraph one of the syllabus. Civ.R. 54(A) defines "judgment" as including "a decree and any order from which an appeal lies * * *." Civ.R. 58(A) states:

"Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal."

R.C. 2323.51(B) provides that a court in a civil action may, at any time prior to trial or within twenty-one days after entry of judgment, award attorney fees to any party adversely affected by frivolous conduct.

Under Civ.R. 54(A), a "judgment" is an order from which an appeal can be taken, and, under Civ.R. 58(A), "entry of judgment" occurs after the verdict or decision in a civil action. Thus, the statute refers to trial court judgments in civil actions, not to appellate judgments. Accordingly, R.C. 2323.51 does not contemplate awarding attorney fees for defending appeals of civil actions.

Consequently, we reverse the judgment of the court of appeals and grant the writ of mandamus ordering Sowald to vacate her order granting Albert's

request for attorney fees. We also deny Albert's motion for attorney fees under R.C. 2323.51.

*Judgment reversed*
*and writ granted;*
*motion for attorney fees denied.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.